# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHARON BROWN | * |
| Plaintiff, | * |
| v. | * Civil No. **PJM 10-931** |
| DEPARTMENT OF SOCIAL SERVICES | * |
| Defendant. | * |

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendant Prince George's County Department of Social Services' (the "Department") Motion to Dismiss [Document No. 16].

Pro Se Plaintiff Sharon Brown filed a Complaint for Employment Discrimination on April 15, 2010, after receiving a right to sue letter from the EEOC. The gist of her Complaint is that the Department failed to rehire her after being laid off in October 2009 even though she was eligible for reinstatement. She also alleges that the Department's failure to follow policy and procedure after she reported work environment safety issues resulted in her suffering a second degree assault by another employee on January 30, 2009.

In its Motion to Dismiss, the Department argues that: 1) the Court lacks personal jurisdiction over the Attorney General of Maryland pursuant to Fed. R. Civ. P. 12(b)(2); 2) the Court lacks subject matter jurisdiction over this action pursuant to Fed. R. Civ. P. 12(b)(1); and 3) Brown's Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

The Court finds that, at the direction of the Court, the Clerk of Court reissued summons in the present action on February 8, 2011. Brown purported to serve the Attorney General of Maryland by delivering the summons herself. Under Fed. R. Civ. P. 4(c)(2), however, process may only be served by a person who is at least 18 years old and not a party in the litigation. Accordingly, the Court lacks personal jurisdiction over the Attorney General of Maryland pursuant to Fed. R. Civ. P. 12(b)(2) because he has not been properly served.

In addition, even if the Court were inclined to permit Brown to re-serve the Attorney General, her Complaint as it currently stands, fails to allege any facts that would constitute a plausible cause of action for unlawful employment discrimination. As such, Brown's Complaint must also be dismissed under Fed. R. Civ. P. 12(b)(6).

Accordingly, the Department's Motion to Dismiss [Document No. 16] is **GRANTED WITHOUT PREJUDICE.**[1] Final judgment will be entered in favor of Defendant and the case will be **CLOSED**.

A separate Order will **ISSUE**.

**July 25, 2011**

                                                /s/
                                      **PETER J. MESSITTE**
                              **UNITED STATES DISTRICT JUDGE**

---

[1] Dismissal is WITHOUT PREJUDICE so that Plaintiff, if she so chooses, may consult with counsel and possibly bring a new cause of action with a properly plead complaint.